# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BEDNAGO HARPER (#2011-1112058), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 9265 |
| | ) | |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| SHERIFF TOM DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motion to dismiss [#37] is denied with respect to Defendants Mansour and Patel and granted with respect to Defendant Dart. Defendants Mansour and Patel are directed to answer or otherwise respond to Plaintiff's complaint within twenty-one days of the date of this order, on pain of default. Defendant Dart is dismissed as a Defendant.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Dr. Mansour and Physician's Assistant Patel violated his constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that he was denied prompt and adequate care and treatment for a hernia. Plaintiff additionally contends that the Cook County Sheriff has an established policy and practice of failing to provide prompt treatment to pretrial detainees with serious or potentially serious medical conditions. This matter is before the court for ruling on Defendants' motion to dismiss for failure to state a claim. For the reasons stated in this order, the motion is denied.

### Legal Standard

It is well established that *pro se* complaints are to be liberally construed. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication ... of time and place." *Thompson v.*

*Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts as well as any inferences reasonably drawn therefrom-in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.* at 555. While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Furthermore, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court.").

## Facts

Plaintiff is a pretrial detainee at the Cook County Jail. Defendant Thomas Dart is the Sheriff of Cook County. Defendant Mohammad Mansour is a staff physician and Manisha Patel is a physician's assistant at the jail.

Plaintiff alleges the following facts, assumed true for purposes of the motion to dismiss:

Plaintiff was booked into the jail on November 12, 2011. At the time Plaintiff went through intake at the jail, he informed Defendant Mansour that he had a hernia and was experiencing severe pain. Plaintiff again informed Defendant Mansour of his hernia on December 20, 2011. Plaintiff also told Defendant Mansour that the pain was severe and worsening. Defendant Mansour told Plaintiff that his pain was not severe enough to warrant treatment, stating that Plaintiff would not be treated unless he was "doubled over in pain and unable to walk."

Throughout 2012 and 2013, Plaintiff repeatedly informed medical personnel via grievances and in person that he was suffering from a hernia. On May 6, 2013, Plaintiff was treated by Defendant Patel, who told him there was nothing that could be done for Plaintiff's hernia or pain.

Plaintiff avers that the Cook County Sheriff has an established policy and practice of

failing to provide prompt and acceptable medical care for inmates. Plaintiff bases this charge in part on a July 11, 2008, Department of Justice report. According to Plaintiff, the report states, in relevant part,

> CCJ fails to provide adequate and timely care to inmates with serious or potentially serious acute medical conditions. CCJ's acute care services substantially depart from generally accepted correctional medical standards. We identified grossly inadequate acute care that led to prolonged suffering and premature deaths of inmates of CCJ. Acute care was so deficient that inmates suffered needlessly because medical staff failed to monitor acute conditions, and failed to timely treat inmate's conditions. We found numerous instances where CCJ's failure to adequately assess and treat inmates likely contributed to preventable deaths, amputations, hospitalizations, and unnecessary harm.

## Analysis

The complaint appears to state a tenable claim against Dr. Mansour, and P.A. Patel. Accordingly, Defendants' motion to dismiss the complaint for failure to state a claim is denied with respect to them. However, the Court grants the motion with respect to Defendant Dart.

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'... proscribed by the Eighth Amendment." This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care...." *Id.*; *see also Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Likewise, the Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001).

Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the defendant must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04; *see also Roe v. Elyea*, 631 F.3d 843, 862 (7th Cir. 2011). In the case at bar, the plaintiff can arguably satisfy both prongs.

The complaint meets basic pleading requirements by stating facts that suggest his condition was potentially "serious," for purposes of constitutional analysis. A medical need is objectively serious when "the inmate's condition has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would perceive the need for a doctor's attention." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (quoting *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011)). A condition is also objectively serious if "failure to treat [it] could result in further significant injury or unnecessary and wanton infliction of pain." *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008) (citing *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Seventh Circuit cases "demonstrate a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained

from lying in vomit." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (quoting *Roe, supra*, 631 F.3d at 861).

Serious medical needs "encompass not only conditions that are life threatening or that carry risks of permanent, serious impairment if left untreated, but also those in which the deliberately indifferent withholding of medical care results in needless pain and suffering." *Horton v. Bartels*, No. 02 C 0740, 2003 U.S. Dist. LEXIS 24595 at *5 (W.D. Wis. Jul. 18, 2003) (citing *Gutierrez*, 111 F.3d at 1371). The Seventh Circuit Court of Appeals has specifically held that hernias and the pain resulting from them can constitute objectively serious medical conditions for § 1983 purposes. *See Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011) (reiterating that hernia and chronic pain are objectively serious medical conditions and collecting cases).

In the case at bar, Plaintiff claims that he suffered from a hernia and that because of the hernia was in severe pain. The court recognizes that "a prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue--the sorts of ailments for which many people who are not in prison do not seek medical attention--does not by its refusal violate the Constitution." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 829 (7th Cir. 2009) (quoting *Gutierrez, supra*, 111 F.3d at 1372) (in turn quoting *Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996)). But given the pain Plaintiff describes, and on the basis of an undeveloped record, the court is not in a position to determine that Plaintiff had no serious medical need.

Plaintiff is not, as the defendants suggest, required to come forth with any evidence at all at this stage of the proceedings, let alone "compelling evidence." (*See* Defendants' Motion to Dismiss at p. 3.) Plaintiff need only provide "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013) (internal quotation marks and citation omitted). The facts alleged support an inference that Plaintiff's hernia and the pain it caused may have been "serious."

Moreover, Plaintiff has set forth facts that substantiate the subjective component of the deliberate indifference test. To satisfy this prong, a plaintiff must allege that the defendant in question was aware of and consciously disregarded his medical need. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle*, 429 U.S. at 103-04. Neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *See, e.g., Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *see also King*, 680 F.3d at 1018 ("Negligence--even gross negligence--is insufficient to meet this standard"). "This subjective standard requires more than negligence and it approaches intentional wrongdoing." *Holloway*, 700 F.3d at 1073. Nevertheless, deliberate indifference can be manifested by such actions as the refusal to provide effective treatment, *see Fields*, 653 F.3d at 556, erroneous treatment based on a substantial departure from accepted medical judgment, practice, or standards, *see Roe*, 631 F.3d at 857, or by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005). If, as Plaintiff alleges, he was told that his condition would not be treated unless he was doubled over in pain and unable to walk, such refusal to provide

treatment may constitute deliberate indifference. Plaintiff explicitly states that he informed both Defendants Mansour and Patel of his hernia and the resulting severe pain, and they both refused him treatment. In spite of Defendants' insistence that Plaintiff concedes that his condition did not rise to the level of "treatability" (Defendants' motion [6] at p. 6), the Court does not see any such concession in Plaintiff's complaint; counsel must use greater care in making such claims. Granting all reasonable inferences in favor of Plaintiff at this stage of the litigation, as the Court must, finds that Plaintiff has asserted a colorable claim of medical deliberate indifference as to Defendants Mansour and Patel. The Court's preliminary review does not, however, preclude the defendants from making any challenge to the legal sufficiency of the complaint.

Finally, the motion to dismiss is granted with respect to Defendant Dart. Counsel correctly states that the law governing civil rights actions is premised on the wrongdoer's personal responsibility, and that an individual therefore cannot be held liable in a Section 1983 action unless he caused or participated in an alleged constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (citations omitted). It is also true that the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Plaintiff in the instant case does not argue that Dart played any direct, personal role in the denial of medical attention for his hernia. Instead, Plaintiff attempts to assert that the Sheriff has a pattern and practice of denying detainees needed medical care, a claim ostensibly supported by a 2008 Department of Justice report that made such a determination.

A suit against the Cook County Sheriff in his official capacity is effectively a suit against the County. *Holloway*, 700 F.3d at 1071 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, (1978). "While a municipality is not vicariously liable under § 1983 for the acts of its employees, a constitutional deprivation may be attributable to a municipality 'when execution of a government's policy or custom ... inflicts the injury.'" *Houskins v. Sheahan*, 549 F.3d 480, 493 (7th Cir. 2008) (quoting *Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008)). "A local government unit's unconstitutional policy or custom can be shown by: (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." *Houskins*, 549 F.3d at 493 (quoting *Walker v. Sheahan*, 526 F.3d 973, 977 (7th Cir. 2008)). Furthermore, the Sheriff and superintendent may be liable for "potentially systemic," rather than "clearly localized," constitutional violations at the jail. *See, e.g., Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Riley-el v. Illinois*, No. 13 C 5768, 2014 WL 3396531, at *4 (N.D. Jul. 10, 2014) (Gottschall, J.)

Plaintiff's entire basis for asserting a claim against Defendant Dart is based upon the 2008 U.S. Department of Justice report which took issue with the medical care provided to detainees at the Cook County Jail. However, Defendant Dart's knowledge that Plaintiff was not receiving adequate care from November 2011, to the present, cannot be inferred from a report issued in 2008 examining conditions in prior years. Indeed, to the extent that the report gives rise to any inference, it would be that having come under such criticism, the Sheriff would have taken steps to address the deficiencies noted—making the plaintiff's claims less likely, not more. Accordingly Plaintiff has failed to make a claim against Defendant Dart in either his individual or official capacities and he is dismissed as a Defendant. The Court further notes that Plaintiff

continues to rely on the standard established under *Conley v, Gibson*, 355 U.S. 41, 45-6 (1957) (stating that a complaint may be dismissed only if it is clear that no relief may be granted under any set of facts that could be provided consistent with the allegations) However, the test laid out in *Conley* was expressly rejected in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in favor of the plausibility standard set forth in that case and its progeny.

      For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim is denied. Defendants are directed to answer or otherwise plead within twenty-one days of the date of this order.

Date: October 20, 2014                                        /s/ John J. Tharp, Jr.
                                                                           United States District Court Judge